*Judge Pauley*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------X
TRISTAR ENERGY LTD.,

              Plaintiff,

  - against -

KOGI SHIPPING INC., a/k/a/
KOGGI SHIPPING INC.,

              Defendant.
----------------------------------------------------------X

'09 CIV 7432

09 CV ____
ECF CASE



## VERIFIED COMPLAINT

Plaintiff, TRISTAR ENERGY LTD., ("Plaintiff"), by and through its attorneys, Tisdale Law Offices LLC, as and for its Verified Complaint against the Defendant, KOGI SHIPPING INC., a/k/a KOGGI SHIPPING INC., ("Defendant"), alleges, upon information and belief, as follows:

1. This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and 28 United States Code § 1333.

2. At all material times to this action, Plaintiff was a foreign company duly organized and operating under foreign law with an office and place of business in Dubai and was the operator of the MT TRISTAR DUBAI ("Vessel").

3. Upon information and belief, at all material times, Defendant was a foreign corporation or other business entity organized and existing under foreign law with an office and place of business at Panama and was the Charterer of the Vessel.

4. By a Charter Party dated December 16, 2008, Plaintiff chartered the MT TRISTAR DUBAI to Defendant for a voyage charter on an amended ASBATANKVOY Form

including KOGI terms reflected in a Final Recap dated Dec. 16, 2008. *See Final Recap dated Dec. 16, 2008, attached as Exhibit "1."*

5. In breach of the charter party, on or about December 22, 2008, Defendants cancelled the charter party on the grounds that the Vessel's tanks had not been satisfactorily cleaned and/or that the Vessel's tanks were not fit for loading the intended cargo of gas oil.

6. This cancellation of the charter party was a wrongful repudiation of contract.

7. As a result of the Defendant's breach of the charter party contract, Defendant owes Plaintiff freight in the amount of $180,000.00.

8. As a further result of Defendant's breach of the charter party, Plaintiff is due demurrage payable at the rate of US $24,000 per day. The delay of 2.236806 days translates into a total demurrage claim of $48,121.02.

9. The P & I club appointed a surveyor whose costs were $ 1976.81. The agency and boat costs for his attendance totaled $4200.00. The total surveyor expenses incurred were $6176.81.

10. Plaintiff has suffered damages in the total principal amount of $228,121.02

11. It is also estimated that legal fees and costs will total an additional $40,000.

12. The charter party at Clause 27 provided that any disputes arising thereunder shall be referred to London Arbitration with English law to apply.

13. Plaintiff will soon commence arbitration in London pursuant to the charter party and appoint its arbitrator.

14. Despite due demand, Defendant has failed to pay the amounts due to Plaintiff under the charter party.

15. It is common practice of foreign entities who engage in international maritime transactions to make and receive payments in U.S. dollar denominated electronic fund transfers.

16. The charter party in this case requires payment in U.S. dollars.

17. Due to the requirement that foreign banking institutions have relations with U.S. corresponding banks in order to send or receive payment in U.S. dollars, all such transfers and payments pass through the hands of garnishee banks located in this District.

18. Thus, it is anticipated and expected that U.S. dollar payments made by the Defendant herein are expected to be made by electronic fund transfer passing through a corresponding bank within this District.

19. Interest, costs and attorneys' fees are routinely awarded to the prevailing party in London arbitration pursuant to English Law. As best as can now be estimated, Plaintiff expects to recover the following amounts:

|   |   |   |   |
|---|---|---|---|
| A. | Principal claim: | | $232,297.83 |
|    | Unpaid Freight: | $180,000.00 | |
|    | Demurrage: | $48,121.02 | |
|    | Costs of Surveyor: | $6176.81 | |
| B. | Estimated interest on claims: | | $7681.17 |
|    | (5% per annum compounded quarterly) | | |
| C. | Estimated fees and costs: | | $40,000 |
| **Total** | | | **$279,979.00** |

20. The Defendant cannot be found within this District within the meaning of Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure, but, upon information and belief, Defendant has, or will have during the pendency of this action, assets within this District and subject to the jurisdiction of this Court,

held in the hands of garnishees within the District which are believed to be due and owing to the Defendant.

21. The Plaintiff seeks an order from this court directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, and also pursuant to the United States Arbitration Act, 9 U.S.C. §§ 1 and 8, attaching, *inter alia*, any property of the Defendant held by any garnishees within the District for the purpose of obtaining personal jurisdiction over the Defendant, to compel arbitration and to secure the Plaintiff's claim as described above.

**WHEREFORE**, Plaintiff prays:

A. That process in due form of law issue against the Defendant, citing it to appear and answer under oath all and singular the matters alleged in the Complaint, failing which default judgment be entered against it in the sum of **$279,979.00.**

B. That since the Defendant cannot be found within this District pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, this Court issue an Order directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, also pursuant to the United States Arbitration Act, 9 U.S.C. §§ 1 and 8, attaching all goods, chattels, credits, letters of credit, bills of lading, effects, debts and monies, tangible or intangible, or any other funds up to the amount of **$279,979.00** belonging to, due or being transferred to, from, or for the benefit of the Defendant, including but not limited to such property as may be held, received or transferred in Defendant's name or as may be held, received or transferred for its benefit at, moving through, or within the possession, custody or control of banking/financial institutions and/or other institutions or such other garnishees to be named, and that all persons claiming any

interest in the same be cited to appear and pursuant to Supplemental Admiralty Rule B answer the matters alleged in the Complaint;

C. That pursuant to 9 U.S.C. §§201 et seq. this Court recognize and confirm any arbitration award or judgment in Plaintiff's favor against the Defendant as a judgment of this Court;

D. That this Court award Plaintiff the attorneys' fees and costs incurred in this action; and

E. That the Plaintiff have such other, further and different relief as the Court deems just, proper and equitable.

Dated: August 24, 2009
New York, NY

The Plaintiff,
TRISTAR ENERGY LTD.,

By: _____
Claurisse Campanale Orozco (CC 3581)
Thomas L. Tisdale (TT 5263)
TISDALE LAW OFFICES LLC
60 East 42nd Street, Suite 1638
New York, NY 10165-6220
(212) 354-0025 – phone
(212) 869-0067 – fax
corozco@tisdale-law.com
ttisdale@tisdale-law.com

5

## ATTORNEY'S VERIFICATION

State of New York    )
                     )  ss.:    City of New York
County of New York   )

1. My name is Claurisse Campanale-Orozco.

2. I am over 18 years of age, of sound mind, capable of making this Verification, and fully competent to testify to all matters stated herein.

3. I am an Associate in the firm of Tisdale Law Offices, LLC, attorneys for the Plaintiff.

4. I have read the foregoing Verified Complaint and know the contents thereof and believe the same to be true and accurate to the best of my knowledge, information and belief.

5. The reason why this Verification is being made by the deponent and not by the Plaintiff is that the Plaintiff is a business organization with no officers or directors now within this District.

6. The source of my knowledge and the grounds for my belief are the statements made, and the documents and information received from, the Plaintiff and agents and/or representatives of the Plaintiff.

7. I am authorized to make this Verification on behalf of the Plaintiff.

Dated:    August 24, 2009
          New York, NY

_____
Claurisse Campanale-Orozco